HARRIET ELM v. ST. JOSEPH'S HOSPITAL OF CITY
OF ST. PAUL.

180 N. W. (2d) 262.

September 4, 1970—No. 42006.

*Peterson & Popovich* and *Fred N. Peterson, Jr.,* for appellant.

*Jardine, Logan & O'Brien, Jerre F. Logan,* and *Alan R. Vanasek,* for respondent.

Heard before Nelson, William P. Murphy, Otis, Sheran, and James F. Murphy, JJ. Consideration and decision based on briefs by entire court en banc. Nelson, William P. Murphy, Rogosheske, and Sheran, JJ., concurring.

PER CURIAM.

Appeal from a judgment entered in favor of defendant, St. Joseph's Hospital of the City of St. Paul, pursuant to a directed verdict in an action by plaintiff, Harriet Elm, for damages allegedly sustained while she was a hospital patient. It is contended that the trial court erred in not submitting the question of defendant's alleged negligence to the jury and that it erred as a matter of law in determining that plaintiff had not proved a cause of action against defendant.

Plaintiff, age 53 at the time of the injury, was admitted to the defendant hospital on December 8, 1962, under directions of her physician, who diagnosed her condition as severe hypertension and cerebral arterial spasm. After two days her condition improved and her doctor directed that she could be up and about. As she entered the bathroom on the morning of December 12, she became ill and faint. She fell to the floor, and after an undetermined period of time, made her way back to her bed. While unconscious on the bathroom floor, she sustained a severe burn on her left elbow and on the left side of her back. These burns resulted from contact with an uncovered steam radiator in the bathroom. The radiator produced a temperature of 208° to 218° F. on its outside surface, which temperature is apparently normal for a radiator of that type. The trial court granted defendant's motion for a directed verdict on the theories that the proximate cause of the injury was the unanticipated fall of plaintiff, which defendant could not have foreseen, and that the radiator was not unusual or dangerous.

While we are not entirely persuaded that defendant's negligence is an issue under the facts of this case, we feel nevertheless that there were fact questions for the jury to consider. It is elementary that a motion for a directed verdict presents only questions of law and admits for purposes of the motion the credibility of evidence for the adverse party and every inference which may fairly be drawn from the evidence. We recently noted in Schmidt v. Beninga, 285 Minn. 477, 173 N. W. (2d) 401, that if reasonable men may differ as to what constitutes ordinary care and proximate causal connection upon the evidence pre-

sented, questions of negligence and proximate cause, as well as contributory negligence, are for the jury.

Here it would appear that the accident occurred in a constricted enclosure where the washroom and toilet facilities were compactly arranged. The radiator was uncovered and no warning was provided. The jury might well consider, in light of the limited dimensions of the room, whether a foreseeable risk existed which created a duty which defendant breached. The jury might also consider that the hot radiator was so located and the facilities so designed as to present a danger to ill and infirm patients who might be expected to use them. Tenuous as the evidence and inferences may be, we think they are nevertheless sufficient to warrant a jury's consideration on the issues of defendant's breach of such duties as the circumstances may have imposed.

Reversed and new trial granted.

OTIS, JUSTICE (dissenting).

The heated radiator was simply a condition. The injury was not caused by the radiator but by plaintiff's fainting. If she had not hit the radiator on falling, she would have injured herself by hitting the sink or the floor. I would affirm.

KNUTSON, CHIEF JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Otis.

PETERSON, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Otis.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.